IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA VALDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-883-K-BK |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendations on the Defendant Astrue's *Motion to Dismiss*. (Doc. 15). For the reasons that follow, it is recommended that the motion be **DENIED**.

**I. BACKGROUND**

On April 28, 2011, Plaintiff filed a complaint against the Commissioner of the Social Security Administration for the Commissioner's decision not to reopen Plaintiff's claim for a period of disability and Disability Insurance Benefits under Title II of the Social Security Act. (Doc. 3 at 1-2). According to Plaintiff, her initial claim for disability benefits, which was filed in August 2002, was denied at the initial level of administrative review in March 2003, and the denial was not appealed. (*Id.* at 1). Plaintiff claims that she lacked the mental capacity to appeal the decision because of a head injury she suffered in 2001. (*Id.* at 2). Subsequently, Plaintiff asserts that she filed another Title II claim in January 2008, and also requested that her initial claim that was denied be reopened. (*Id.* at 1). Plaintiff alleges that the Administrative Law

Judge ("ALJ") awarded benefits to her concerning her January 2008 claim and declared Plaintiff disabled since December 2001, but failed to reopen her initial claim pursuant to Social Security Ruling 91-5p because he found that Plaintiff had legal representation during that proceeding. (*Id.* at 2). However, Plaintiff contends that not only was she unrepresented at the time of the March 2003 decision, but also that the ALJ did not "support his finding of representation with substantial evidence." *Id.* Plaintiff petitions this Court for judicial review after the Appeals Council affirmed the ALJ's decision not to reopen her case. *Id.* at 3.

Defendant Michael J. Astrue (" the Commissioner") has moved to dismiss Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(1), arguing that the decision not to reopen Plaintiff's initial claim for disability benefits is not subject to judicial review, and therefore, the Court lacks jurisdiction to hear Plaintiff's complaint. (Doc. 15 at 1). More specifically, Defendant claims that Plaintiff failed to show a violation of her right to due process, which would constitute a "colorable claim of unconstitutionality" and permit judicial review of the Commissioner's decision not to reopen her initial case for disability benefits. *Id.* at 3-5. The Commissioner does not contest Plaintiff's mental incapacity, but rather asserts that the current procedure in place, outlined in 20 C.F.R. § 404.988, "specifically accounts for the possibility that mentally impaired claimants may have difficulty understanding the notice" by including a window of four years during which claims can be reopened, and that Plaintiff did not avail herself of that opportunity. *Id*. at 2-4.

In opposition, Plaintiff argues that she has shown more than just a conclusional assertion of a colorable constitutional claim, therefore, vesting subject matter jurisdiction in the Court to review the Commissioner's decision not to reopen her initial claim. (Doc. 16 at 1, 3). Plaintiff

2

asserts that she was deprived of her constitutional right to due process, consisting of proper notice and an opportunity to be heard, as a result of her mental incapacity, which resulted from the car accident which left her disabled since 2001. *Id.* at 3-4. More specifically, Plaintiff claims that her mental incapacity deprived her of the ability to fully comprehend the notice of her denied claim and comply with the administrative review process. *Id.* As proof of her mental incapacity, Plaintiff relies on the ALJ's determination that Plaintiff was disabled since 2001. *Id.* at 4. In that decision, the ALJ declared that the evidence reflects that Plaintiff has a "severe combination of impairments," including post traumatic brain injury and affective mood disorder. (Doc. 15, Ex. 1 at 8). In addition, the ALJ found that Plaintiff received comprehensive inpatient rehabilitation and continued to suffer with cognitive deficits through 2008. *Id.* at 9. Plaintiff also relies on medical records submitted to the Commissioner showing the continuance of her poor cognitive function, including confusion, problems with memory and processing information, and an inability to add simple digits or count by serial threes. (Doc. 16 at 4).

## II. APPLICABLE LAW

A plaintiff's claim for relief will be dismissed when the complaint fails to establish a basis for subject matter jurisdiction. Fed. R. Civ. P 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). However, a complaint should not be dismissed unless the plaintiff can establish no set of facts in support of his claim which would entitle him to relief. *Id.*

The Commissioner may reopen a determination or decision: (1) within twelve months of the date of the notice of the initial determination, for any reason; (2) within four years of the date

of the notice of the initial determination, if the Commissioner finds good cause, as defined in 20 C.F.R. § 404.989; or (3) at any time, if the decision was obtained by fraud or similar fault, or if certain other circumstances are present. 20 C.F.R. § 404.988. One such circumstance is outlined in Social Security Ruling ("SSR") 91-5p, which provides that if a claimant presents evidence that mental incapacity prevented her from timely requesting review of an administrative action, and the claimant had no legal representation at the time of the prior adverse action, the Commissioner will determine whether good cause exists for extending the time to request review. Good cause is established by proving that the claimant lacked the mental capacity to understand the procedures for requesting review. SSR 91-5p.

42 U.S.C. § 405(g) governs the federal courts' jurisdiction to review the Commissioner's decisions regarding disability benefits, and provides that "any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days [after mailing of notice]." The 60-day limitation is inapplicable "when constitutional questions are in issue [because then,] the availability of judicial review is presumed." *Califano v. Sanders*, 430 U.S. 99, 109 (1977). However, recognizing the potential frustration of the congressional purpose of § 405(g) that could result from claimants being allowed virtually unending access to judicial review simply because they filed a petition to reopen that was subsequently denied, the Fifth Circuit Court of Appeals concluded that judicial review of a Commissioner's final decision not to reopen a prior claim for Social Security benefits is only allowed when the plaintiff can prove a "colorable constitutional claim." *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986). Proof that a colorable constitutional claim exists must be based on more than mere

4

conclusional allegations of due process violations. *Id.*

### III. DISCUSSION

In order to determine if Defendant's Rule 12(b)(1) *Motion to Dismiss* should be granted, the Court must determine if Plaintiff has succeeded in proving the existence of a colorable constitutional claim, thus vesting the Court with subject matter jurisdiction and the power to review the Commissioner's decision not to reopen Plaintiff's disability benefits claim. To that end, Plaintiff must do more than simply allege that her due process rights were violated. *Robertson,* 803 F. 2d at 810. *See also Koerpel v. Heckler*, 797 F.2d 858, 863 (10th Cir. 1986) (to rise to the level of a colorable constitutional claim, the constitutional issue must have "some merit," not be "wholly insubstantial or frivolous," and not "clearly appear[ ] to be immaterial and made solely for the purpose of obtaining jurisdiction") (quoting *Boettcher v. Secretary of Health and Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985)).

Here, Plaintiff has provided sufficient evidence that her mental impairment caused her to not understand the notice she received informing her that her claim was denied, and that she was unable to understand her right to appeal within a certain time limit. (Doc. 16 at 3-4). Through medical records and the findings of the ALJ concerning her severe mental impairments, Plaintiff has provided specific proof of the type and severity of mental impairment that plausibly prevented her from timely requesting review of the administrative action. *Id. See Byam v. Barnhart*, 336 F.3d 172, 182 (2nd Cir. 2003) (for Plaintiff to prove a due process violation due to a mental impairment, a "particularized allegation of mental impairment" that is "plausibly of sufficient severity to impair comprehension" is required).

Moreover, in this case, the ALJ denied Plaintiff's request to reopen based on the

unsubstantiated assumption that Plaintiff was represented by counsel at the time of the initial adverse decision. (Doc. 15, Ex. 1 at 10). Plaintiff, however, has produced evidence that she was not represented at the time of the initial disability claim.  (Doc. 16, Ex. 2-4 at 22-26). Specifically, Plaintiff has presented a sworn affidavit from an employee of the law firm representing Plaintiff in her 2008 disability claim, which states that law firm did not have any information "indicating that she had legal representation for her 2002 claim," as well as letters from her current lawyer to the ALJ explicitly denying that Plaintiff ever had any prior representation. (*Id*. at 22-26).  Additionally, the Commissioner's Office of Disability Adjudication and Review cannot provide any evidence that Plaintiff was actually represented at that time because the application and folder have been destroyed.  (*Id*. at 22).

Without proof that Plaintiff was represented during her initial claim, the Commissioner should have determined, pursuant to SSR 91-5p, if Plaintiff's mental incapacity provided "good cause" for an extension of the time period that a case may be reviewed.

Finally, judicial review is appropriate here because Plaintiff's mental impairment is both the basis for the initial claim for disability benefits and the reason Plaintiff was not able to understand the administrative appeals procedures. *See Byam*, 336 F.3d at 183 (holding that a fact issue existed as to whether claimant's mental impairments prevented her from comprehending or acting on administrative notices of denial, as would violate due process).[1]

---

[1] Although of limited precedential value, *Byam* is, nonetheless, instructive.  There, the Court of Appeals for the Second Circuit concluded that the plaintiff, who provided medical evidence of personality and affective disorders, dissociative presentation, and depression, succeeded in proving an issue of fact as to whether plaintiff was able to act upon the notice she was given about the denial of her claim. *Byam*, 336 F.3d at 182.

## IV.  RECOMMENDATION

Plaintiff having sufficiently presented a colorable constitutional claim, thereby invoking the subject-matter jurisdiction of the Court, it is recommended that the Commissioner's *Motion to Dismiss* (Doc. 15) be **DENIED**.

SIGNED October 17, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE